UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JASON MORTON,

        Plaintiff,                      Case No. 11-cv-12925
                                                HON. GEORGE CARAM STEEH

vs.

CITY OF DETROIT,

        Defendant.
_____/

ORDER DENYING PLAINTIFF'S MOTION
TO CERTIFY CASE AS A CLASS ACTION [#15]

I.      Introduction

On October 4, 2011, plaintiff filed a first amended complaint pursuant to 42 U.S.C. § 1983 challenging the constitutionality of City of Detroit Code 38-5-1. Specifically, plaintiff argues that the ordinance is unconstitutionally vague, punishes speech, restricts freedom of association and expression, and fails to provide adequate guidelines for enforcement. Plaintiff brings claims under the First, Fourth and Fourteenth Amendments, as well as a claim for unjust enrichment under state law.

Presently before the court is plaintiff's motion to certify class. Defendant has filed a response in opposition and plaintiff has filed a reply brief in support of class certification.

II.     Factual Background

On June 26, 2009, plaintiff and a friend were parked on a street in the City of Detroit waiting to meet with a third friend. They were going to play basketball. Plaintiff and his

friend saw Detroit Gang Squad officers storm into a home two houses away and on the opposite side of the street from where plaintiff's car was parked.  Shortly thereafter an officer approached plaintiff's car and inquired as to the reason plaintiff and his friend were parked on the street.  The officer ordered plaintiff and his friend to get out of the car and placed both in handcuffs while he searched the vehicle.  After the gang squad was finished with searching the home across the street, the handcuffs were removed and plaintiff was issued a ticket for "loitering in a place of illegal occupation."

The ordinance at issue in this action states:

> Any person who shall make or assist in making any noise, disturbance, or improper diversion or any rout or riot, by which the peace and good order of the neighborhood is disturbed, or any person who shall consume alcoholic beverages on any street or sidewalk, or who shall engage in any indecent or obscene conduct in any public place, or who shall engage in illegal occupation, or who shall loiter in a place of illegal occupation with the intent to engage in such illegal occupation, shall be guilty of a misdemeanor.[1]

When plaintiff appeared in court pursuant to the loitering ticket, the ticket was dismissed in its entirety.

### III.   Law & Analysis

Federal Rule of Civil Procedure 23 governs class certification.  See Fed. R. Civ. P. 23.  "While [a] district court has broad discretion in certifying class actions, it must exercise that discretion within the framework of Rule 23."  Coleman v. GMAC, 296 F. 3d 443, 446 (6th Cir. 2002).  "The party seeking the class certification bears the burden of proof."  In re

---

[1] In the first amended complaint, plaintiff cites to an old version of code 38-5-1, which was amended on November 23, 2010.  The prior version of this provision, which was in effect at the time plaintiff was ticketed, did not require that an individual have the intent to engage in such illegal occupation.

Am. Med. Sys., Inc., 75 F. 3d 1069, 1079 (6th Cir. 1996).  "[B]oth the Supreme Court and this Circuit require that a district court conduct a 'rigorous analysis' of the Rule 23(a) requirements before certifying a class."  Pipefitters Local 636 Ins. Fund v. Blue Cross Blue Shield, 654 F. 3d 618, 629 (6th Cir. 2011).  Rule 23(a) contains four prerequisites- numerosity, commonality, typicality and adequacy of representation- that must be met before a class can be certified.  See Fed. R. Civ. P. 23(a)(1)-(4).  Once the party satisfies all of the conditions of Rule 23(a), he or she must also demonstrate that the class fits under one of the three subdivisions of Rule 23(b).  Here, plaintiff argues that class certification is appropriate under Rule 23(b)(2), which states:

> (b) **Types of Class Actions**.  A class action may be maintained if Rule 23(a) is satisfied and if:
> (2) the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole[.]

Fed. R. Civ. P. 23(b)(2).

The United States Supreme Court recognized in General Telephone Co. of Southwest v. Falcon, 457 U.S. 147, 160 (1982) that "sometimes it may be necessary for the court to probe behind the pleadings before coming to rest on the certification question . . . ."  Id.; see also, Wal-Mart Stores, Inc. v. Dukes, 131 S. Ct. 2541, 2549 (2011) ("Frequently that 'rigorous analysis' will entail some overlap with the merits of the plaintiff's underlying claim.  That cannot be helped."); see also, In re Am. Med. Sys., Inc., 75 F. 3d at 1079.  Plaintiff defines the proposed class as:

> All persons ticketed by police officers of the City of Detroit from July 2009 to the date of entry of judgment for "Loitering in a place of illegal occupation," under Detroit City Code 38-5-1, who have appeared in Court and have had their ticket dismissed.

Rule 23(a)(1) requires that the class be so numerous that joinder of all members is impracticable. See Fed. R. Civ. P. 23(a)(1); In re Am. Med. Sys., Inc., 75 F. 3d at 1080. "There is no strict numerical test for determining impracticability of joinder." Id.

"Commonality requires the plaintiff to demonstrate that the class members 'have suffered the same injury.'" Wal-Mart Stores, 131 S. Ct. at 2551. "This does not mean that they merely have all suffered a violation of the same provision of law[,] . . . .[t]heir claims must depend upon a common contention[, which] must be of such a nature that it is capable of classwide resolution–which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." Id.

Typicality requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class . . . ." Rule 23(a)(3). "[A] plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members, and if his or her claims are based on the same legal theory." In re Am. Med. Sys., Inc., 75 F. 3d at 1082.

Rule 23(a)(4) requires the class representative to fairly and adequately protect the interests of the class. See Fed. R. Civ. P. 23(a)(4). There are two requirements for finding that the class representative will adequately protect the class's interests:"(1) the representative must have common interests with unnamed members of the class, and (2) it must appear that the representative[] will vigorously prosecute the interests of the class through qualified counsel." In re Am. Med. Sys., Inc., 75 F. 3d at 1083.

In addition to meeting the requirements of Rule 23(a)-numerosity, commonality, typicality and adequacy of representation-plaintiff must also satisfy Rule 23(b)(2), which permits class certification if "the party opposing the class has acted or refused to act on

grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole. . . ." Fed. R. Civ. P. 23(b)(2).

Because plaintiff has not demonstrated the prerequisites for class certification under Rule 23(a), the court declines to grant class certification at this stage in the proceedings. Plaintiff's proposed class definition is too expansive, including individuals ticketed from July 2009 through entry of judgment. Individuals ticketed under the ordinance prior to its amendment in November of 2010 will have different claims than those ticketed after the ordinance's amendment, which requires that the individual have intent to engage in such illegal occupation whereas the former version of the ordinance did not include such a requirement. Thus, the court cannot conclude that the claims of the proposed class are typical.

The court also cannot determine whether commonality exists between the proposed class members because the proposed class includes all individuals ticketed under the ordinance who appeared in court and had their tickets dismissed. The reason each ticket was dismissed may be that there was insufficient probable cause, but other reasons may have resulted in a dismissal of the ticket, such as when an officer fails to appear in court or the individual entered a plea agreement agreeing to plead guilty to certain charges in exchange for the city attorney dismissing other charges. Because plaintiff has failed to meet his burden demonstrating that the requirements for class certification are present, his motion is denied.

IV. Conclusion

Accordingly,

Plaintiff's motion to certify case as a class action is DENIED without prejudice.

SO ORDERED.

Dated:  April 9, 2012

S/George Caram Steeh  
GEORGE CARAM STEEH  
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on April 9, 2012, by electronic and/or ordinary mail.

S/Josephine Chaffee  
Deputy Clerk