UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JASON MORTON, and
other similarly situated plaintiffs,

       Plaintiffs,                      Case No. 11-cv-12925
                                            HON. GEORGE CARAM STEEH

vs.

CITY OF DETROIT,

       Defendant.
_____/

## ORDER GRANTING MOTION FOR RECONSIDERATION [#21], REQUIRING ADDITIONAL BRIEFING AND SCHEDULING HEARING

On April 9, 2011, this court entered an order denying without prejudice plaintiff's motion to certify class. Dkt. No. 19. Plaintiff now moves for reconsideration of this court's order arguing that he has established the prerequisites of commonality and typicality under Rule 23(a). Plaintiff also maintains that the amended complaint satisfies Rule 23(b)(3) because questions of law predominate over any other questions affecting the proposed class members. Upon review of plaintiff's motion for reconsideration, the court finds that plaintiff has established the prerequisites to class certification under Rule 23(a). However, the court concludes that additional briefing is necessary on the issues of whether common questions of law predominate and whether the class action method is superior to other available methods of adjudication to ascertain the propriety of class certification under Rule 23(b)(3), as more fully described below.

This court's order denying plaintiff's motion to certify class found that plaintiff's proposed class definition was too broad. That definition seeks to include individuals

ticketed under the prior version of Detroit City Code 38-5-1, which did not have a scienter requirement, with individuals ticketed under the new version of Detroit City Code 38-5-1, which requires that a person found loitering in a place of illegal occupation also must intend to engage in such illegal occupation as an element of the offense. The court also concluded that the proposed class definition was too broad because it would include individuals whose tickets were dispensed within a variety of ways.

Plaintiff defines the proposed class as:

> All persons ticketed by police officers of the City of Detroit from July 2009 to the date of entry of judgment for "Loitering in a place of illegal occupation," under Detroit City Code 38-5-1, who have appeared in Court and have had their ticket dismissed.

Plaintiff argues that his Monell claim challenges the City of Detroit's policy or custom of ticketing and detaining individuals for nothing other than being present in a place of illegal occupation. Thus, the amendment to Detroit City Code 38-5-1 to require scienter is of no consequence and does not prevent plaintiff from meeting the typicality and commonality requirements of Rule 23(a).

To bring a cause of action against a municipality, plaintiff must allege that an officially executed policy, or the toleration of a custom within the municipality, leads to, causes, or results in the deprivation of a constitutionally protected right. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-91 (1978). Thus, a § 1983 claim asserted against a municipality must allege that (1) plaintiff's harm was caused by a constitutional violation, and (2) if so, whether the city is responsible for that violation. See Collins v. City of Harker Heights, 503 U.S. 115, 120 (1992). "Before a custom can be the basis for a civil rights violation, the custom must be so 'permanent and well settled as to constitute a custom or

-2-

usage with the force of law.'" Feliciano v. City of Cleveland, 988 F.2d 649, 655 (6th Cir. 1993) (quoting Monell, 436 U.S. at 691.).

Federal Rule of Civil Procedure 23 governs class certification. See Fed. R. Civ. P. 23. "While [a] district court has broad discretion in certifying class actions, it must exercise that discretion within the framework of Rule 23." Coleman v. GMAC, 296 F. 3d 443, 446 (6th Cir. 2002). "The party seeking the class certification bears the burden of proof." In re Am. Med. Sys., Inc., 75 F. 3d 1069, 1079 (6th Cir. 1996). "[B]oth the Supreme Court and this Circuit require that a district court conduct a 'rigorous analysis' of the Rule 23(a) requirements before certifying a class." Pipefitters Local 636 Ins. Fund v. Blue Cross Blue Shield, 654 F. 3d 618, 629 (6th Cir. 2011).

Rule 23(a) contains four prerequisites-numerosity, commonality, typicality and adequacy of representation- that must be met before a class can be certified. See Fed. R. Civ. P. 23(a)(1)-(4). Once the party satisfies all of the conditions of Rule 23(a), he or she must also demonstrate that the class fits under one of the three subdivisions of Rule 23(b).

Rule 23(a)(1) requires that the class be so numerous that joinder of all members is impracticable. See Fed. R. Civ. P. 23(a)(1); In re Am. Med. Sys., Inc., 75 F. 3d at 1080. "There is no strict numerical test for determining impracticability of joinder." Id. Plaintiff contends that, based upon Detroit police reports, interviews with witnesses, client files and court records, the number of individuals arrested and ticketed for loitering in a place of illegal occupation is at least five hundred (500) and potentially up to one thousand (1000). Defendant argues that plaintiff has failed to present any facts that would allow the court to determine if joinder is impracticable. Defendant maintains that the fourteen individuals who have contacted counsel's office thus far is insufficient to establish that joinder is

impracticable. However, "[t]he numerosity requirement is met when plaintiffs demonstrate that the number of potential class members is large, even if plaintiffs do not know the exact figure." In re Consumers Power Co. Sec. Litig., 105 F.R.D. 583, 601 (E.D. Mich. 1985). "Where the exact size of the class is unknown but general knowledge and common sense indicate that it is large, the numerosity requirement is satisfied." Orantes-Hernandez v. Smith, 541 F. Supp. 351, 370 (C.D. Cal. 1982). Therefore, the court finds that plaintiff has established that the potential class is sufficiently numerous to make joinder of all class members impracticable.

"Commonality requires the plaintiff to demonstrate that the class members 'have suffered the same injury.'" Wal-Mart Stores, 131 S. Ct. at 2551. "This does not mean that they merely have all suffered a violation of the same provision of law[,] . . . .[t]heir claims must depend upon a common contention[, which] must be of such a nature that it is capable of classwide resolution–which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." Id. "There need only be one question common to the class, and no matter how individualized the issue of damages may be, these issues may be reserved for individual treatment with the question of liability raised as a class action." Glazer v. Whirlpool Corp. (In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.), 678 F.3d 409, 419 (6th Cir. 2012); see also, Powers v. Hamilton County Pub. Defender Comm'n, 501 F.3d 592, 619 (6th Cir. 2007) ("The mere fact that questions peculiar to each individual member of the class action remain after the common questions of the defendant's liability have been resolved does not dictate the conclusion that a class action is impermissible."). "Cases alleging a single

course of wrongful conduct are particularly well-suited to class certification." Powers, 501 F.3d at 619.

The court has reconsidered its decision concerning Rule 23(a)'s commonality requirement and now finds that plaintiff has established commonality. The court's order denying plaintiff's motion to certify class incorrectly understood plaintiff's complaint to allege a facial challenge to the ordinance at issue herein, rather than a Monell claim challenging the defendant's custom of permitting its police officers to issue tickets pursuant to ordinance 38-5-1 in violation of the First and Fourth Amendments. Thus, the court's conclusion that commonality was absent because class members were ticketed under different versions of the ordinance was incorrect.

Here, plaintiff has alleged a single theory of wrongdoing, specifically police officers issuing tickets, pursuant to Detroit City Code 38-5-1, to individuals they happen to find in an area deemed to be of ill repute without reasonable suspicion or probable cause. Plaintiff maintains that this policy of the City of Detroit and its officers violates his First and Fourth Amendment rights. The dispositive facts and law are the same as to each class member. Defendant argues that an extensive factual inquiry will be required to determine who is a class member. This argument is not well taken however as "variations in the circumstances of class members are acceptable, as long as they have at least one issue in common." In re Am. Med. Sys. Inc., 75 F.3d at 1080; see also, Glazer, 678 F.3d at 419; Powers, 501 F.3d at 619. If a proposed member was ticketed under Detroit City Code 38-5-1 for loitering in a place of illegal occupation from July 2009 through entry of judgment and had the ticket dismissed, other than due to a plea bargain, he or she is a member of the class. Plaintiff has established commonality.

Typicality requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class . . . ." Rule 23(a)(3). "[A] plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members, and if his or her claims are based on the same legal theory." In re Am. Med. Sys., Inc., 75 F. 3d at 1082. Plaintiff argues that the amendment to the subject ordinance will not divest the class of typicality because the focus of this action is on the policy of illegal seizures of individuals found in a place deemed to be of ill repute, and not on a specific version of the subject ordinance. The court agrees. Thus, plaintiff has established his claim is typical of the other class members as it is based on the same course of conduct; ticketing and detaining individuals found in a place deemed to be one of illegal occupation, and this conduct gives rise to plaintiff's, as well as the proposed class members' claims.

Rule 23(a)(4) requires the class representative to fairly and adequately protect the interests of the class. See Fed. R. Civ. P. 23(a)(4). There are two requirements for finding that the class representative will adequately protect the class's interests: "(1) the representative must have common interests with unnamed members of the class, and (2) it must appear that the representative[] will vigorously prosecute the interests of the class through qualified counsel." In re Am. Med. Sys., Inc., 75 F. 3d at 1083. Defendant fails to provide any argument as to why plaintiff cannot fairly and adequately represent the interests of the class. Here, plaintiff's interest is the same as the proposed class members, specifically relief from Detroit City officers' reliance on, and enforcement of, a vague city code to arrest individuals found in a place of illegal occupation. Further, plaintiff's attorneys are experienced civil rights attorneys, plaintiff's senior counsel has represented plaintiffs

in police misconduct cases for over twenty years and counsel's firm comprises five attorneys and twelve support staff who are able to devote the entirety of their resources to adequately represent the class members. Thus, adequacy of representation has also been met.

Additionally, it appears that the requirements of Rule 23(b)(3) have been satisfied. Under Rule 23(b)(3), a class action is appropriate where

> the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b)(3). "To satisfy the predominance requirement in Rule 23(b)(3), a plaintiff must establish that the issues in the class action that are subject to generalized proof, and thus applicable to the class as a whole, . . . predominate over those issues that are subject only to individualized proof." Beattie v. CenturyTel, Inc., 511 F.3d 554, 564 (6th Cir. 2007). "[T]he fact that a defense may arise and may affect different class members differently does not compel a finding that individual issues predominate over common ones." Id. "[C]ommon issues may predominate when liability can be determined on a class-wide basis, even when there are some individualized damage issues." Id. at 139.

To prevail on their Monell claim, plaintiffs must demonstrate that the custom of the City of Detroit's police officers of ticketing and detaining individuals who are present in a place deemed to be one of illegal occupation violates their First and Fourth Amendment

rights and that the defendant is responsible for these constitutional violations. Here, the liability issue apparently predominates over any other issues affecting the class members. The fact that this action may require individual damage determinations does not defeat the predominance requirement. See Burkhead v. Louisville Gas & Elec. Co., 250 F.R.D. 287 (W.D. Ky. 2008); In re Am. Med. Sys., 75 F.3d at 1084.

Further, individual suits will likely yield only a small award of damages because the detention of an individual class member may be brief, the low amount of the ticket, and most class members likely did not hire counsel to represent them at the hearing. "[L]itigation should be brought as a class action if individual suits would yield small recoveries." Beattie, 511 F.3d at 567. The policy of the class action method of adjudication "is to overcome the problem that small recoveries do not provide the incentive for any individual to bring a solo action prosecuting his or her rights." Id. (citing Amchem Products, 521 U.S. at 617). Here, the small amount of potential recovery potentially renders the class action mechanism superior to other forms of adjudication.

Thus, based on the above, the court concludes that plaintiff has satisfied Rule 23(a) and likely satisfies Rule 23(b)(3)'s requirements. The court also concludes that additional discovery and briefing is necessary to determine whether the class action method is superior to other means of adjudicating plaintiff's claims and whether common questions predominate under Rule 23(b)(3). Therefore, the parties shall submit additional briefing after they have had an opportunity to obtain additional discovery on this issue.

Accordingly,

Plaintiff's motion for reconsideration [#21] is GRANTED.

Plaintiff shall submit a brief <u>no later than October 1, 2012</u> on the issue of whether class certification is appropriate under Rule 23(b)(3).

Defendant shall submit a brief in response <u>no later than October 16, 2012</u>.

A hearing will be held on <u>October 30, 2012 at 2:00 p.m.</u>

SO ORDERED.

Dated:  August 3, 2012

<u>s/George Caram Steeh</u>
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
August 3, 2012, by electronic and/or ordinary mail.

<u>s/Marcia Beauchemin</u>
Deputy Clerk

---