UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JASON MORTON,

        Plaintiff,                       Case No. 11-cv-12925
                                         HON. GEORGE CARAM STEEH

vs.

CITY OF DETROIT,

        Defendant.
_____/

ORDER CONFIRMING DENIAL OF MOTION TO CERTIFY CLASS (DOC. # 15)

      This is a putative class action brought by plaintiff complaining of the constitutionality of a City of Detroit ordinance which permits misdemeanor citations for "loitering in a place of illegal occupation." Plaintiff's motion to certify a class was denied by the court in April 2012. Following that order, plaintiff moved for reconsideration. The court granted reconsideration, finding that plaintiff had satisfied the prerequisites to class certification under Fed. R. Civ. P. 23(a), but determining that additional briefing was necessary concerning the requirements of Rule 23(b)(3). Additional briefing was provided by plaintiff, and the court conducted an in-chambers conference in this matter on February 20, 2013. It then issued an order allowing supplemental briefing by defendant and a reply brief by plaintiff (Doc. # 29). Defendant filed a brief. No reply brief was filed by plaintiff.

      As the court indicated at the conference, it is not inclined to find the certification of a class to be appropriate if that class includes members who received tickets under the subject ordinance in the context of more complex factual circumstances. As noted,

-1-

a number of the individuals in the plaintiff's initial supplemental briefing were given tickets in the context of more complex factual situations, and are pursuing claims independent of the instant litigation.

In its brief, defendant argues that the brief filed by plaintiff following this court's ruling on the motion for reconsideration of the court's denial of plaintiff's motion for class certification fails to raise additional reasons for the court to change its disposition of the initial motion. The court notes that plaintiff's supplemental brief listed 14 individuals, briefly describing the circumstances of their tickets. This list was discussed at the conference, and it appears that several–if not more–of those on the list are either pursuing more complex cases in other courts in this district or have already reached a settlement with the City of Detroit, perhaps even including the named plaintiff in this case.[1]

The court cannot find class certification to be the best method for resolving such claims. Nothing currently in the record persuades the court that common questions of law or fact predominate over the individual issues, or that pursuit of a class action with regard to such plaintiffs would be superior over other methods of resolving their claims. Fed. R. Civ. P. 23(b)(3). See Beattie v. CenturyTel, Inc., 511 F.3d 554, 564 (6th Cir. 2007).

---

[1] The court notes that in its order on plaintiff's motion for reconsideration, it described a potential class to include those ticketed under the subject ordinance and who "had the ticket dismissed, other than due to a plea bargain." However, there was no indication that the proposed class members in the plaintiffs' supplemental briefing generally met this description, and plaintiff has not provided any reply to defendant's supplemental brief.

Accordingly, the court confirms its April 2012 order, in which the plaintiff's motion for class certification was **DENIED**.

**IT IS SO ORDERED**.

Dated:  March 25, 2013

s/George Caram Steeh  
GEORGE CARAM STEEH  
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
March 25, 2013, by electronic and/or ordinary mail.

s/Marcia Beauchemin  
Deputy Clerk

---